Hall, J.
1. In an action for damages on account of a personal injury, it is doubtful whether it was admissible to prove statements of the plaintiff, made some months after the accident, to show that he threatened that, if .he did not get better, he would take his life and that he contemplated suicide. But where the.admissibility of evidence is doubtful, the rule in this State is to admit it, under proper instructions, to the jurji to consider its doubtful competency as a circumstance .bearing upon its credibility, in estimating the effect to be given to it. J Gr. Ev. 102 and cit. in note (b); 11 Allen (Mass.), 322.
2/ The charge excepted to in relation to the negligence of the *487 defendant, as an abstract proposition, was accurate and correct, and when taken in connection with the other instructions given to the jury, fairly submits the rule which would acquit the defendant of liability, namely, its freedom from negligence in the transaction, the want of ordinary care on the part of the plaintiff by the exercise of which he could have avoided the consequences to himself, and the rule as to the measure of damages in cases of contributory negligence.
Lawton & Cunningham, for plaintiff in error.
J. R. Saussy, for defendant.
3. In an action against a railroad for damages on account of a personal injury, where the negligence of the defendant, if there was any at all, seems to .have been but slight, and that of the plaintiff appears to have beeen greater, a verdict in favor of the plaintiff for $10,000 is not only flagrantly extravgant, but so excessive as to disclose either bias in his favor or prejudice against the defendant, or that the jury wholly mistook and misapprehended the instructions given to them by the court, and a new trial is required. Code, §3067, 3034, 3946, 3947; 70 Ga., 122 et seq; 56 Id., 540.
(a) A party who makes an arrangement to be carried on a freight car impliedly agrees to accept and be satisfied with such accommodations, as regard carriages and seats and places of entering and leaving the carriages, as may be found in the usual course of the business. If the cars, at the time of agreeing to his passage and taking his seat, are at a freight depot, he should be satisfied with such means of entering them as are provided for the loading of freight. If the cars are at the time standing on a part of the track, where there is no provision for landing or receiving either goods or passengers, he should be satisfied with such means and facilities as may casually be within his reach. The company is not bound in eithei case to make landings or any provision whatever for the reception or discharge of passengers where none are expected to be. 29 N. H., 9, 42.
(b) Ho opinion is expressed as to whether the defendant was in the exercise of all ordinary and reasonable care and diligence, or whether the plaintiff, in any measure, either expressly or impliedly by his conduct, consented to the injury done, or whether it was caused solely by his own negligence, or whether, by the exercise of ordinary care, he might have avoided the consequences to himself, although they might have been caused by the defendant’s negligence, or whether the damages sued for resulted from the personal injury to the plaintiff or from disease. These are questions of fact for the jury.
Judgment reversed.